UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | ) Case No. 20-cr-00497-1 |
| MARY MARTINEZ, | ) Judge Sharon Johnson Coleman |
| Defendant. | )<br>) |

**MEMORANDUM OPINION AND ORDER**

Defendant Mary Martinez ("Martinez") asks the Court for prior approval of funds to retain a forensic accounting expert and defense investigator pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(e) ("CJA"). For the reasons stated below, the Court grants in part Martinez's motion [46].

**Background**

Defendant Martinez was charged with ten counts of wire fraud in violation of 18 U.S.C. § 1343. The Government alleges that Martinez fraudulently advertised and offered financial services to ten individuals looking to purchase homes. According to the Government, Martinez misappropriated those individuals' funds for her own benefit. *Pro bono* counsel was engaged by Martinez for representation prior to her arraignment. Through discovery, the Government tendered thousands of pages of financial documents to Defendant. (Dkt. 46 at ¶ 10). *Pro bono* counsel for Martinez states that his then firm spent over $30,000 to retain a financial expert to review this discovery. (*Id.* at ¶ 3). Defense counsel subsequently moved firms. While his new firm will allow counsel to continue representation of Martinez in her upcoming trial, it will not pay for a forensic accounting expert or private investigator.

**Legal Standards**

Section 3006A(e) of the CJA provides funds for indigent defendants to obtain investigative or expert services necessary for adequate representation. The movant must show that use of the

expert is necessary, not merely possible. *United States v. De La Cruz-Cuevas*, 281 F. App'x 581, 583 (7th Cir. 2008). To make this determination, the Court asks whether a "reasonable attorney would engage such services for a client having the independent financial means to pay for them." *United States v. Cravens*, 275 F.3d 637, 639 (7th Cir. 2001).

The CJA caps fees for other services at $2,700 "except in extraordinary circumstances." *United States v. Alkaramla*, 872 F.3d 532, 534 (7th Cir. 2017) (citing 18 U.S.C. § 3006A(e)(3)); *see also* Guide to Judiciary Policy, Vol. 7 Defender Services, Part A Guidelines for Administering the CJA and Related Statutes, Chapter 3: Authorization and Payment for Investigative, Expert, or Other Services, § 310.20.10 (setting maximum at $2,700 after January 1, 2021). In its application, the defense should provide detailed information pertaining to the services requested, including cost. *See United States v. Knox*, 540 F.3d 708, 718 (7th Cir. 2008) (affirming denial of CJA funds because Defendant did not provide sufficient details for the services request or estimated expenses).

**Discussion**

Martinez fails to demonstrate the necessity of a forensic accounting expert in her case. Martinez argues that an expert must trace the alleged victims' funds to show that she did not use the funds for personal benefit, but rather for business expenses. However, Defense counsel already paid a financial expert $30,000 to review financial documents. Not knowing how the second expert's analysis would differ, the Court cannot find that a reasonable attorney would hire an additional financial expert. *See United States v. McGee*, 408 F.3d 966, 978–79 (7th Cir. 2005) (affirming denial of CJA funds for an expert that would provide cumulative evidence).

Furthermore, Martinez does not provide estimated in her application. Without information as to the length and depth of analysis needed or the necessity for seemingly cumulative evidence, the Court will not provide a blank check for services. In addition, though defense counsel maintains it took on representation of Martinez *pro bono* due to her inability to afford counsel, the Court has not

made a financial eligibility determination under the CJA. Martinez fails to sufficiently answer open questions about her finances. Despite her financial status, Martinez has made payments upwards of $100,000 in the past year toward early restitution in this case. (Dkt. 46 at ¶ 4). Defense argues that these payments increase her financial burden, however, this is a burden voluntarily taken on by Defendant pre-trial. In addition, although Martinez maintains that she has been unable to sell her real property totaling approximately $410,000, the Court highlights the significant assets in her possession. (Dkt. 46-1).

The Court understands that defense counsel wishes to proceed in his representation of Defendant and that the timing of his transition to a new firm poses unique challenges to his *pro bono* practice. However, the new firm approved continued representation after Defendant made clear her intention to forgo the scheduled change of plea and pursue a jury trial. As evidenced by the prior firm's payment of the financial expert, in general, *pro bono* representation includes reasonable associated costs. While the Court wishes to encourage further *pro bono* representation of defendants, this particular application lacks support for the broad financial assistance requested.

That said, the Court does not intend economic challenges to delay further progress in this case. Therefore, the Court grants Defendant up to the CJA case compensation maximum, $2,700, for expenses necessary to defense representation.

**Conclusion**

For the reasons set forth above, the Court grants in part Martinez's *Ex Parte* Application for Authorization to Hire a Defense Investigator and a Forensic Accounting Expert [46]. The Court authorizes Defendant's use of up to $2,700 in CJA funds.

IT IS SO ORDERED.

Date: 11/23/21

_____
SHARON JOHNSON COLEMAN
United States District Court Judge